**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

BRITTANY HEFREN,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-06197

Judge Jeffrey I Cummings

Magistrate Judge Beth W. Jantz

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION, A TEMPORARY ASSET RESTRAINT, EXPEDITED DISCOVERY, AND LEAVE TO PROVIDE NOTICE OF FURTHER PROCEEDINGS BY ELECTRONIC MEANS UNDER RULE 65(A)(1)**

Plaintiff, Brittany Hefren ("Hefren" or "Plaintiff"), submits this Memorandum in support of Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a temporary injunction, a temporary asset restraint, and expedited discovery, together with leave to provide notice of further proceedings by electronic means under Rule 65(a)(1) (the "Ex Parte Motion").

## TABLE OF CONTENTS


**I. INTRODUCTION AND SUMMARY OF ARGUMENT ....... 2**
**II. STATEMENT OF FACTS ....... 4**
A. Plaintiff's Copyright and Products ....... 4
B. Defendants' Unlawful Activities ....... 4
*i. Defendants Operate Legitimate-Looking Internet Stores ....... 4*
*ii. Defendants Use Fictitious Aliases and Common Tactics to Evade Take Down ....... 5*
**III. ARGUMENT ....... 6**
A. This Court May Exercise Personal Jurisdiction Over Defendants ....... 6
B. Standard for Temporary Restraining Order and Preliminary Injunction ....... 8
C. Plaintiff Will Likely Succeed on the Merits ....... 8
D. There is No Adequate Remedy at Law and Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief ....... 9
E. The Balancing of Harms Tips in Plaintiff's Favor ....... 10
F. Issuance of the Injunction is in the Public Interest ....... 10
**IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE ....... 11**
A. Temporary Restraining Order Immediately Enjoining Defendants' Unlawful Use of Plaintiff's Works is Appropriate ....... 11
B. Preventing the Fraudulent Transfer of Assets is Appropriate ....... 11
C. Plaintiff is Entitled to Expedited Discovery ....... 12
D. Notice of Further Proceedings by Electronic Means is Warranted Under Rule 65(a)(1); Formal Service of Process is Reserved for a Later Motion ....... 13
*i. A Temporary Restraining Order Requires No Notice, and May Issue Before Service 14*
*ii. A Preliminary Injunction Requires Notice, Not Completed Formal Service ....... 14*
*iii. Authorizing Electronic Notice Does Not Implicate Kangol ....... 16*
**V. A BOND SHOULD SECURE THE INJUNCTIVE RELIEF ....... 17**
**VI. CONCLUSION ....... 17**

# TABLE OF AUTHORITIES

Cases

*Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992) .......................................... 8

*Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007) .................. 12

*Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) .......... 10

*Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1006 (S.D. Fla. 1992) .................................... 10

*Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) ........................................................................................... 8

*Christian Dior Couture, S.A. v. Liu*, 2015 U.S. Dist. LEXIS 158225 (N.D. Ill. Nov. 17, 2015) ... 7

*Christian Dior Couture, S.A. v. The Partnerships*, No. 1:26-cv-07179 (N.D. Ill. June 18, 2026) 15

*Chrome Hearts LLC v. The Partnerships*, No. 1:26-cv-06598 (N.D. Ill. June 3, 2026) .............. 15

*Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) ...................... 6

*CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002)............................................... 12

*Curry v. Revolution Labs., LLC*, 949 F.3d 385, 399 (7th Cir. 2020)............................................. 7

*Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940) .................................................... 12

*Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 461 (7th Cir. 2000)................................ 8

*Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund*, 527 U.S. 308, 325 (1999)............ 12

*H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842 (7th Cir. 2012) ........ 14

*Helene Curtis Indus., Inc. v. Church & Dwight Co.*, 560 F.2d 1325, 1332 (7th Cir. 1977)........... 9

*Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 (4th Cir. 1999)...................... 17

*Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1092 (7th Cir. 1988)...... 9

*JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007).................................. 8

*Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.,* 177 F.4th 793 (7th Cir. 2026).......... 16

*Krause Int'l Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587-88 (D.D.C. 1994) ...................... 10

*Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) .................. 12

*Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, Nos. 03 C 4844, 03 C 5311, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005) ................................................................ 12

*MGM Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007)..................... 9

*Monster Energy Co. v. Chen Wensheng*, 136 F. Supp. 3d 897 (N.D. Ill. 2015)....................... 7, 17

*Mori Lee v. Lei Liu et al.*, No. 19-cv-07555 (N.D. Ill. May 14, 2020).......................................... 7

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)........................... 14, 15

*NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022) .................................................. 7

*NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)................................................................................... 16

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).................................................. 12

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)............. 7

*Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 789 (8th Cir. 1989)............................................. 17

*Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992)......................... 12

*Salak v. The Partnerships*, No. 1:26-cv-06541 (N.D. Ill. June 25, 2026) ................................... 16

*Stahly, Inc. v. M.H. Jacobs Co.*, 183 F.2d 914, 917 (7th Cir. 1950)............................................ 10

*Tommy Hilfiger Licensing LLC et al. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, 1:20-cv-07477 (N.D. Ill. Mar. 24, 2021)....................................... 7

*Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)..................................... 8, 10

*uBID, Inc. v. GoDaddy Group, Inc.,* 623 F.3d 421, 423 (7th Cir. 2010)....................................... 7

*Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, *6 (N.D. Ill. Dec. 21, 2007).......... 12

*Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1014-15 (C.D. Cal. 2011)..... 9, 10

Rules

Fed. R. Civ. P. 26(b)(2) ..... 12

Fed. R. Civ. P. 65(a)(1) ..... passim

Fed. R. Civ. P. 65(b) ..... 3, 6, 11, 14

Fed. R. Civ. P. 65(c) ..... 17

Fed. R. Civ. P. 65(d)(2)(C) ..... 11, 13

Statutes

17 U.S.C. § 101 ..... 6, 8

17 U.S.C. § 501 ..... 8

17 U.S.C. § 504(b) ..... 11

28 U.S.C. § 1331 ..... 6

28 U.S.C. § 1391 ..... 6

28 U.S.C. §§ 1338(a)-(b) ..... 6

735 ILCS 5/2-209(a)(2) ..... 7

## MEMORANDUM OF LAW

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff brings this action against the defendants identified on Amended Schedule A for copyright infringement. As alleged in the Complaint, Defendants are selling unauthorized products that are direct copies or derivative works of the copyrighted subject matter of Plaintiff's registered artwork, the Brittany Hefren Works. Defendants are promoting, advertising, marketing, distributing, offering for sale, and selling infringing products through the fully interactive, commercial internet stores identified on Amended Schedule A (collectively, the "Defendant Internet Stores"). Defendants' unauthorized conduct is done with the intent to generate profits by infringing and trading off Plaintiff's valuable rights.

The Defendants create numerous Defendant Internet Stores and design them to appear to be selling authorized products, while actually selling unauthorized and unlicensed Brittany Hefren Products to unknowing consumers. Plaintiff has filed this action to combat Defendants' infringement of Plaintiff's registered copyrights, as well as to protect unknowing consumers from purchasing pirated Brittany Hefren Products over the internet.

This Court has personal jurisdiction over Defendants because each Defendant targets Illinois residents and has offered to sell, and on information and belief, has sold and continues to sell pirated Brittany Hefren Products to consumers within the United States, including the State of Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products being sold in connection with Plaintiff's Brittany Hefren Work. Defendants directly target unlawful business activities toward consumers in Illinois, cause harm to Plaintiff's business within this judicial district, and have caused and will continue to cause

irreparable injury to Plaintiff. Defendants deceive the public by trading upon Plaintiff's reputation and goodwill by using their commercial, interactive internet stores to sell and/or offer for sale unlicensed Brittany Hefren Products in connection with Plaintiff's registered copyrights.

Ancillary to and as part of the TRO, Plaintiff respectfully requests that this Court (1) temporarily restrain Defendants' continued manufacture, importation, distribution, offering for sale, and sale of infringing products bearing the Brittany Hefren Work; (2) temporarily restrain Defendants' assets to preserve Plaintiff's right to an equitable accounting; (3) authorize expedited discovery allowing Plaintiff to obtain from third party platforms and/or payment processors each Defendant's contact e-mail and financial-account information; and (4) authorize Plaintiff to give notice of the preliminary injunction motion and subsequent proceedings by electronic means under Rule 65(a)(1).

This Motion decouples notice from formal service of process. It seeks the emergency, status-quo-preserving relief that requires no service at all, namely a temporary restraining order which issues *ex parte* under Rule 65(b), a temporary asset restraint, and expedited discovery, together with leave to provide notice of the forthcoming preliminary injunction motion and later proceedings by electronic means under Rule 65(a)(1). Plaintiff does not ask the Court to authorize formal service of process under Rule 4(f)(3) at this time. Instead, Plaintiff reserves that request for a later motion that will make a specific, per defendant address diligence showing.

Considering the covert nature of offshore infringing activities and the vital need to establish an economic disincentive for infringement, courts regularly issue such orders. Plaintiff's well-pleaded factual allegations, which must be accepted as true, and the evidence submitted through declarations establish that issuing a temporary restraining order against Defendants is necessary and proper. Plaintiff can demonstrate a strong likelihood of success on the merits: Plaintiff is the

owner of a valid copyright registration, and each of the Defendants displayed and sold products that infringe the Brittany Hefren Work into this District. Defendants have and continue to irreparably harm Plaintiff through diminished goodwill and damage to Plaintiff's reputation, for which monetary damages are inadequate. Issuance of an injunction is in the public interest because it will prevent unknowing consumers from being deceived into purchasing infringing products.

## II. STATEMENT OF FACTS

### A. Plaintiff's Copyright and Products

Plaintiff is the owner of United States copyright registration for the Brittany Hefren Work. Complaint [1] at ¶ 5. A true and correct copy of the registration is attached to the Complaint as Exhibit 1. Plaintiff has expended substantial time, money, and other resources in developing, advertising, licensing, and otherwise promoting the Brittany Hefren Work, and Plaintiff controls the quality of the materials and content that feature it. *See* Declaration of Brittany Hefren (the "Hefren Declaration") at ¶¶ 6-7.

### B. Defendants' Unlawful Activities

The success of the Brittany Hefren Works has resulted in significant infringement of the copyright. *Id.* at ¶ 8. The Defendant Internet Stores identified on Amended Schedule A have been linked to marketplace listings offering for sale, selling, and importing unauthorized products bearing the Brittany Hefren Works to consumers in this judicial district and throughout the United States. *Id.*

#### i. Defendants Operate Legitimate-Looking Internet Stores

Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine products bearing the Brittany Hefren Works. Vogt Declaration at ¶ 3. Plaintiff has not licensed or authorized Defendants to use the Brittany Hefren

Works, and none of the Defendants is an authorized retailer of genuine products bearing these works. *See* Hefren Declaration at ¶ 9.

### ii. Defendants Use Fictitious Aliases and Common Tactics to Evade Take Down

Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. Vogt Declaration at ¶ 4. Upon information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed on Amended Schedule A, as well as other unknown fictitious names and addresses. *Id.* Such registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope of their illegal operation and to avoid being shut down. *Id.*

There are similarities among the Defendant Internet Stores. *Id.* at ¶ 5. The Defendant listings offer similar products for sale bearing infringing reproductions of Plaintiff's registered artwork, suggesting that the infringing products come from a common source and that, upon information and belief, Defendants are interrelated. *Id.* Further, infringers such as Defendants typically operate multiple accounts behind layers of payment gateways so that they can continue operation. Upon information and belief, Defendants maintain offshore bank accounts and regularly move funds from their accounts to offshore bank accounts outside the jurisdiction of this Court. These concealment tactics make it difficult for Plaintiff to discover Defendants' true identities, the inner workings of their network, and the relationship among them. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## III. ARGUMENT

Defendants' purposeful, intentional, and unlawful conduct is causing and will continue to cause irreparable harm to Plaintiff's reputation and the goodwill symbolized by the Brittany Hefren Works. Without the relief requested by this Motion, Defendants' unlawful activity will continue unabated, and Plaintiff and consumers will suffer irreparable harm.

Rule 65(b) of the Federal Rules of Civil Procedure provides that the Court may issue an *ex parte* temporary restraining order where immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition. Fed. R. Civ. P. 65(b). In the absence of a temporary restraining order without notice, the Defendants can and likely will modify registration data and content, redirect traffic to other websites and marketplace accounts in their control, and move any assets from U.S.-based accounts. Courts have recognized that civil actions against infringers present special challenges that justify proceeding on an ex parte basis. *See Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) (observing that "proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the infringers"). This Court has original subject-matter jurisdiction over the claims in this action pursuant to the Federal Copyright Act, 17 U.S.C. § 101 et seq., 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

### A. This Court May Exercise Personal Jurisdiction Over Defendants

This Court may properly exercise personal jurisdiction over Defendants because Defendants directly target business activities toward consumers in the United States, including Illinois, by displaying Plaintiff's copyrighted artwork to, and offering the infringing products for sale to, residents of the United States and Illinois through at least the fully interactive, commercial Defendant Internet Stores. Illinois residents can and do purchase products replicating the Brittany

Hefren Works without authorization. Each Defendant has targeted Illinois by operating online stores that offer shipping there, and has offered to sell and, on information and belief, has sold and continues to sell infringing Brittany Hefren Products to consumers within the United States, including the State of Illinois. *See* Complaint at ¶¶ 2, 16. Without the benefit of an evidentiary hearing, Plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor. *See uBID, Inc. v. GoDaddy Group, Inc.,* 623 F.3d 421, 423-24 (7th Cir. 2010); *see also Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

Illinois courts regularly exercise personal jurisdiction over websites using intellectual property without authorization in connection with the offering for sale and selling of infringing merchandise to Illinois residents over the internet. 735 ILCS 5/2-209(a)(2). The Seventh Circuit concluded that personal jurisdiction is proper when a defendant purposefully directs its actions to Illinois via third-party online retailers, such as Amazon.com. *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022) ("[Defendant's] actions certainly can be characterized as purposeful. It established an online store, using a third-party retailer, Amazon.com. Through this online store, it unequivocally asserted a willingness to ship goods to Illinois and established the capacity to do so."); *see also Curry v. Revolution Labs., LLC*, 949 F.3d 385, 399 (7th Cir. 2020); *Tommy Hilfiger Licensing LLC et al. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, 1:20-cv-07477 (N.D. Ill. Mar. 24, 2021) (Docket Entry 46); *Mori Lee v. Lei Liu et al.*, No. 19-cv-07555 (N.D. Ill. May 14, 2020) (Docket Entry 60); *Christian Dior Couture, S.A. v. Liu*, 2015 U.S. Dist. LEXIS 158225 (N.D. Ill. Nov. 17, 2015); *Monster Energy Co. v. Chen Wensheng*, 136 F. Supp. 3d 897 (N.D. Ill. 2015).

### B. Standard for Temporary Restraining Order and Preliminary Injunction

District Courts within this Circuit have held that the standard for granting a temporary restraining order and the standard for granting a preliminary injunction are identical. *See, e.g.*, *Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001). A party seeking a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

If the Court is satisfied that these three conditions have been met, it must consider the harm the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id*. Finally, the Court must consider the effect on the public interest. *Id*. The Court then weighs all of these factors, sitting as would a chancellor in equity. *Id*. (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)). Under this sliding-scale approach, the more likely the plaintiff will succeed on the merits, the less the balance of harms need favor the plaintiff. *Ty, Inc.*, 237 F.3d at 895-96; *see also Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 461 (7th Cir. 2000).

### C. Plaintiff Will Likely Succeed on the Merits

To establish copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Copyright protection extends to works derived from the original work, because Section 101 of the Copyright Act defines a "derivative work" as "a work based upon one or more preexisting works . . . or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101.

Here, Plaintiff owns the registered copyright for the Brittany Hefren Works. Complaint [1] at ¶ 5. The accused products use the protected work or are derived from the distinctive creative content found in the Brittany Hefren Works. Plaintiff is therefore likely to succeed on the merits of its infringement claim.

**D. There is No Adequate Remedy at Law and Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief**

Irreparable injury "almost inevitably follows" when there is a high probability of confusion because such injury "may not be fully compensable in damages." *Helene Curtis Indus., Inc. v. Church & Dwight Co.*, 560 F.2d 1325, 1332 (7th Cir. 1977). "The most corrosive and irreparable harm attributable to trademark infringement is the inability of the victim to control the nature and quality of the defendants' goods." *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1092 (7th Cir. 1988).

The harms caused by the copyright infringement of the Brittany Hefren Works are equally insidious. The infringements deprive Plaintiff of the ability to control the creative content protected by the copyright, devalue the work by associating it with inferior-quality goods, and undermine the value of the copyright by creating the impression that infringement may be undertaken with impunity, which threatens Plaintiff's ability to develop further artwork and markets for the existing works. These are recognized irreparable harms for which monetary compensation is inadequate. *See MGM Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007); *Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1013-14 (C.D. Cal. 2011). The difficulty of collecting damages from anonymous, offshore online sellers who move funds beyond this Court's reach independently establishes the inadequacy of any legal remedy. Accordingly, Plaintiff has established that it will be irreparably harmed by Defendants' infringing conduct.

**E. The Balancing of Harms Tips in Plaintiff's Favor**

If the Court is satisfied that Plaintiff has demonstrated a likelihood of success, no adequate remedy at law, and the threat of irreparable harm, it must next balance the harm Defendants will suffer if preliminary relief is granted against the irreparable harm Plaintiff will suffer if relief is denied. *Ty, Inc.*, 237 F.3d at 895.

As willful infringers, Defendants are entitled to little equitable consideration. "When considering the balance of hardships between the parties in infringement cases, courts generally favor the [intellectual property] owner." *Krause Int'l Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587-88 (D.D.C. 1994). This is because "[o]ne who adopts the marks of another for similar goods acts at his own peril since he has no claim to the profits or advantages thereby derived." *Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1006 (S.D. Fla. 1992). The same is true in the copyright context, since Defendants cannot complain of being forced to cease their infringement. *Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1014-15 (C.D. Cal. 2011). Because Defendants have been profiting from the sale of infringing products, the balance of equities tips decisively in Plaintiff's favor.

**F. Issuance of the Injunction is in the Public Interest**

"[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of skills, creative energies, and resources which are invested in the protected work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983). Federal courts have long held that the intellectual-property laws are "concerned not alone with the protection of a property right existing in an individual, but also with the protection of the public from fraud and deceit." *Stahly, Inc. v. M.H. Jacobs Co.*, 183 F.2d 914, 917 (7th Cir. 1950). The injury to the public here is significant, and the injunctive relief Plaintiff seeks is intended to remedy that injury by dispelling

the public confusion created by Defendants' actions. Unless Defendants' unauthorized use of the Brittany Hefren Works is enjoined, the public will continue to be confused and misled by Defendants' conduct. For these reasons, granting Plaintiff's Ex Parte Motion is in the public interest.

## IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

Rule 65(b) provides that a court may issue a temporary restraining order without notice where facts show that the movant will suffer immediate and irreparable injury, loss, or damage before the adverse party can be heard in opposition. Moreover, under Rule 65(d)(2)(C), this Court has the power to bind third parties, such as financial institutions, who are in active concert with the Defendants or who aid and abet Defendants and are given actual notice of the order. The facts in this case warrant such relief.

### A. Temporary Restraining Order Immediately Enjoining Defendants' Unlawful Use of Plaintiff's Works is Appropriate

Plaintiff requests a temporary injunction requiring the Defendants to immediately cease all use of the Brittany Hefren Works on or in connection with all Defendant Internet Stores and to cease their acts of copyright infringement. Such relief is necessary to stop the ongoing harm to the copyright and to consumers and to prevent the Defendants from continuing to benefit from their unauthorized use of the Brittany Hefren Works. The need for ex parte relief is magnified in today's global economy, where infringers can operate over the internet in an anonymous fashion. Many courts have authorized immediate injunctive relief in similar cases involving the unauthorized use of intellectual property.

### B. Preventing the Fraudulent Transfer of Assets is Appropriate

Plaintiff requests an ex parte restraint of Defendants' assets to preserve Plaintiff's right to an equitable accounting of Defendants' profits pursuant to 17 U.S.C. § 504(b). Without an ex parte

restraint, Defendants may disregard their obligations and transfer financial assets to overseas accounts before any restraint can be ordered. Upon information and belief, the Defendants in this case hold most of their assets in China, making it easy to hide or dispose of assets, which would render an accounting meaningless.

Courts have the inherent authority to issue a prejudgment asset restraint when the plaintiff's complaint seeks relief in equity. *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). The Northern District of Illinois in *Lorillard Tobacco Co. v. Montrose Wholesale Candies* entered an asset-restraining order in an intellectual-property infringement case, citing *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund*, 527 U.S. 308, 325 (1999), and *Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940), that a court may restrain assets in a suit seeking equitable relief. *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.,* Nos. 03 C 4844, 03 C 5311, 2005 WL 3115892, at *13 (N.D. Ill. Nov. 8, 2005); *see also CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002). Because Plaintiff seeks disgorgement of Defendants' profits, an equitable remedy, this Court has the authority to freeze Defendants' assets. Accordingly, an injunction preventing the transfer of Defendants' assets is proper.

### C. Plaintiff is Entitled to Expedited Discovery

The Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). A district court has wide latitude in determining whether to grant a party's request for discovery, and courts may permit discovery to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2).

Defendants are using third-party marketplaces and payment processors, which increases their anonymity by interposing a third party between the consumer and Defendants. Without being able to discover Defendants' contact e-mail addresses and their bank and payment-system accounts, any asset restraint would be of limited value, and Plaintiff would be unable to give the electronic notice described below. Plaintiff therefore requests expedited discovery, directed to the relevant payment processors, of (i) each Defendant's contact and e-mail information and (ii) the financial-account information needed to effectuate the asset restraint. The requested discovery has been limited to what is essential to prevent further irreparable harm and to permit Plaintiff to give notice of these proceedings.

Under Rule 65(d)(2)(C), this Court has the power to bind any third party in active concert with the Defendants that is given notice of the order to provide expedited discovery. Plaintiff's counsel is aware that the same third parties have complied with identical requests in previous similar cases without undue burden. Because Defendants have engaged in deceptive practices to hide their identities and accounts, the requested asset restraint may have little practical effect without this discovery. Accordingly, Plaintiff respectfully requests that expedited discovery be granted.

**D. Notice of Further Proceedings by Electronic Means is Warranted Under Rule 65(a)(1); Formal Service of Process is Reserved for a Later Motion**

This Motion does not seek an order authorizing formal service of process under Rule 4(f)(3). Plaintiff reserves any request for formal electronic service, and the specific, per defendant address diligence showing that requires, for a separate, later motion. What Plaintiff seeks now is narrower and legally distinct: leave to provide notice of the forthcoming preliminary injunction motion and subsequent proceedings by electronic means under Rule 65(a)(1). Notice and service are governed by different rules and different standards, and the distinction is dispositive here.

### i. A Temporary Restraining Order Requires No Notice, and May Issue Before Service

Rule 65(b)(1) authorizes issuance of a temporary restraining order without notice to the adverse party where the specific facts show immediate and irreparable injury before the adverse party can be heard. Fed. R. Civ. P. 65(b)(1). The Seventh Circuit has squarely held that a district court is "entitled to issue [a] TRO prior to formal service of process or the appearance of defense counsel," and has rejected the contrary argument as "refuted by the plain language of Rule 65." *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842 (7th Cir. 2012). The court's reasoning applies directly here, where formal service abroad is the very step that has yet to be completed:

> because formal service of process under the Hague Convention or other provisions of law can take months, acceptance of DFS's argument would have the unfortunate effect of immunizing most foreign defendants from needed emergency injunctive relief. There is a reason Rule 65 allows emergency injunctive relief before service of process, and this case provides a good example.

*Id.* The temporary restraining order requested here may accordingly issue on the present record, without notice and before formal service is complete.

### ii. A Preliminary Injunction Requires Notice, Not Completed Formal Service

Rule 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The Rule requires notice, not proof of completed formal service of process under Rule 4. The controlling constitutional standard is whether the method of notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). For online sellers who transact with the public exclusively through electronic means, e-mail notice to the addresses the sellers themselves use to operate their storefronts easily satisfies that standard. The Seventh

Circuit's reasoning in *NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022), confirms the point: a seller that "established an online store, using a third-party retailer, Amazon.com," and "unequivocally asserted a willingness to ship goods to Illinois," *id*. at 624, is a seller who monitors and relies on that very electronic channel, making e-mail the method most likely, not least likely, to reach it.

That is precisely this case. Each of the Defendants operates exclusively through an online marketplace, and communicates with its marketplace, payment processor, and customers by electronic means. Vogt Declaration at ¶¶ 3, 7. Despite providing incomplete or unreliable physical-address information to the marketplace, each Defendant must maintain an operative e-mail account to receive order notifications, customer messages, and platform communications and to manage its account. *Id*. at ¶ 7. Notice sent to those electronic addresses, supplemented as appropriate by electronic publication and by the notice Defendants receive from the online marketplaces and payment processors when the asset restraint and discovery order are transmitted, is reasonably calculated to apprise each Defendant of the preliminary injunction motion and afford it the opportunity to be heard. *Mullane*, 339 U.S. at 314.

Other judges of this District have granted precisely this relief in Amended Schedule A cases by entering temporary restraining orders and then preliminary injunctions, together with leave to give notice of further proceedings by electronic means, on motions that did not request authorization for service of process. In *Chrome Hearts LLC v. The Partnerships*, No. 1:26-cv-06598 (N.D. Ill. June 3, 2026) (Kocoras, J.), a case pleading both trademark and copyright infringement, the court entered a temporary restraining order [21], [22] and then granted a preliminary injunction [40], [41]. In *Christian Dior Couture, S.A. v. The Partnerships*, No. 1:26-cv-07179 (N.D. Ill. June 18, 2026) (Lefkow, J.), the court entered a temporary restraining order

[20], [21] and then a preliminary injunction [31] that expressly authorized the plaintiff to "provide notice of the proceedings in this case to Defendants and any future motions" by electronic publication and by e-mail to an address for each defendant. In neither case does the docket contain a motion for, or an order authorizing, service of process under Rule 4(f)(3). The relief was granted on the strength of the injunctive showing, with service left for another day.

Conversely, where such a motion did bundle a request for service of process by e-mail into the request for a temporary restraining order, it was denied without prejudice under *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.,* 177 F.4th 793 (7th Cir. 2026). *See Salak v. The Partnerships*, No. 1:26-cv-06541 (N.D. Ill. June 25, 2026) [19] (Kocoras, J.). The contrast within a single judge's docket is instructive: *Kangol* constrains the request for service, not the injunctive relief that Rule 65 makes available in advance of it. Plaintiff notes that these cases arose principally under the Lanham Act, but the Rule 65 and Hague Convention questions they resolve do not turn on the cause of action.

### iii. Authorizing Electronic Notice Does Not Implicate *Kangol*

*Kangol* held that where the Hague Service Convention applies, it prohibits service of process by e-mail in China. 177 F.4th at 796. *Kangol* did not decide when a defendant's address is "not known" for purposes of the Convention's Article 1 exception; it remanded that question, noting that district courts handling Schedule A cases "typically require plaintiffs to make 'reasonably diligent efforts to ascertain and verify [the] defendant's mailing address' before deeming the defendant's address unknown." *Id.* at 799 (quoting *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)). That holding, and that practice, both govern formal service of process, the step Plaintiff has deliberately deferred. Neither governs the giving of notice of a motion under Rule 65(a)(1), which is measured by the *Mullane* reasonableness standard and does not depend on the Hague

Convention. By seeking notice now and reserving service, with its per defendant address diligence showing, for a later motion, Plaintiff sequences the two steps exactly as the Court's Order contemplates: the address diligence showing the Court's Order requires will be made when, and in the motion in which, it is legally required.

Accordingly, Plaintiff respectfully requests leave under Rule 65(a)(1) to provide notice of the preliminary injunction motion and subsequent proceedings to Defendants by electronic means, namely e-mail to the addresses identified through the requested expedited discovery and any addresses provided by third parties, and/or electronic publication of a link to the relevant documents, while reserving formal service of process for a later motion presenting the per-defendant diligence.

## V. A BOND SHOULD SECURE THE INJUNCTIVE RELIEF

The posting of security upon issuance of a temporary restraining order or preliminary injunction is vested in the Court's sound discretion. *Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 789 (8th Cir. 1989); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 (4th Cir. 1999); Fed. R. Civ. P. 65(c). Because of the strong and unequivocal nature of Plaintiff's evidence of infringement, Plaintiff respectfully requests that this Court require Plaintiff to post a bond of no more than Five Thousand U.S. Dollars ($5,000). *See, e.g., Monster Energy Co. v. Chen Wensheng*, 136 F. Supp. 3d 897, 910-11 (N.D. Ill. 2015).

## VI. CONCLUSION

The Brittany Hefren Works are an important part of Plaintiff's business. Without entry of the requested relief, the sale of infringing products will continue unabated. Entry of an ex parte order is necessary to protect Plaintiff's rights, to prevent further harm to Plaintiff and the consuming public, and to preserve the status quo. Plaintiff requests leave to provide notice under

Rule 65(a)(1) while reserving formal service for a later, properly supported motion. In view of the foregoing, Plaintiff respectfully requests that this Court enter a Temporary Restraining Order in the form submitted herewith and set a status hearing before the expiration of the Temporary Restraining Order, at which hearing Plaintiff intends to present a motion for preliminary injunction.

DATED: October 16, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***